UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JASON COX,<br>  *Defendant*. | No. 3:20-cr-00028 (VAB) |

**RULING AND ORDER ON MOTION TO RECUSE**

Jason Cox ("Defendant") has been charged in a multi-count Indictment with crimes related to the possession and distribution of narcotics. *See* Third Superseding Indictment, ECF No. 387 (Mar. 29, 2021) ("Third Superseding Indictment"). On April 19, 2022, Mr. Cox moved for recusal of this Court for alleged bias. *See* Def.'s Mot. for Recusal, ECF No. 766 (Apr. 19, 2022) ("Mot. to Recuse").

For the following reasons, Mr. Cox's motion to recuse is **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On February 7, 2020, a criminal complaint and arrest warrant issued against Jason Cox. *See* Compl., ECF No. 1 (Feb. 7, 2020); Arrest Warrant, ECF No. 2 (Feb. 7, 2021). Following an initial appearance, at which the Court appointed Frank L. O'Reilly as counsel, the Court ordered Mr. Cox to be held in pretrial detention. *See* Min. Entry, ECF No. 7 (Feb. 11, 2020).

On February 19, 2020, a grand jury returned an Indictment charging Jason Cox with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(i) and (vi). *See* Indictment, ECF No. 13 (Feb. 19, 2020); *see also* Sealed Superseding Indictment, ECF No. 169 (Oct. 5, 2020); Sealed Second Superseding Indictment, ECF No. 372 (Mar. 15, 2021) ("Second Superseding

Indictment"); Third Superseding Indictment (charging the same). The Indictment further provided information under 21 U.S.C. § 851 that Mr. Cox is subject to enhanced penalties, as he has been previously convicted of a serious drug felony.

On June 11, 2020, Mr. Cox filed a motion to proceed *pro se* and for Mr. O'Reilly to withdraw from the case. Mot. to Dismiss Attorney of Record, ECF No. 95 (June 11, 2020). Following a hearing, the Court granted Mr. Cox's motion to proceed *pro se* and appointed Mr. O'Reilly as standby counsel. *See* Min. Entry, ECF No. 152 (July 30, 2020).

Upon receiving permission to proceed *pro se*, Mr. Cox filed over fifty motions, including motions to dismiss, with the Court. *See, e.g.*, Order, ECF No. 399 (Apr. 6, 2021) (denying *pro se* motions by Jason Cox).

On August 24, 2020, Mr. Cox appeared for an arraignment before Judge Victor A. Bolden. *See* Min. Entry, ECF No. 157 (Aug. 24, 2020). He pled not guilty. *Id.*; *see also* Min. Entry, ECF No. 490 (June 2, 2021) (not guilty plea before Magistrate Judge Sarah A. L. Merriam).

On June 30, 2021, the Court rescinded permission for Mr. Cox to proceed *pro se* and granted a motion by Mr. Cox to appoint counsel. Order Granting Mot. to Appoint Counsel, ECF No. 544 (June 30, 2021). Mr. O'Reilly rejoined the case as Mr. Cox's lead attorney. *Id.*

On July 20, 2021, Mr. Cox, through his counsel, filed a motion for severance of Count One of the Third Superseding Indictment. *See* Mot. to Sever Count One of the Third Superseding Indictment, ECF No. 564 (July 20, 2021). The Government opposed this motion. *See* Gov't Omnibus Resp. to Defs.' Pretrial Mots., ECF No. 572 (Aug. 3, 2021) ("Omnibus Opp'n").

On November 10, 2021, Mr. Cox, through his counsel, moved to dismiss the object of the conspiracy in this case on the grounds that 21 U.S.C. §846 is void for vagueness; that the

Government improperly manufactured federal jurisdiction in this case; and that 21 U.S.C. § 846 does not describe a crime against the United States. *See* Mot. to Dismiss Object of Conspiracy, ECF No. 657 (Nov. 10, 2021). The Government objected to dismissal. *See* Gov't Opp'n to Def. Jason Cox's Mot. to Dismiss, ECF No. 671 (Dec. 1, 2021).

On January 27, 2021, Mr. Cox, through his counsel, again moved to dismiss the Indictment. *See* Mot. to Dismiss Indictment, ECF No. 708 (Jan. 27, 2022). The Government opposed this motion as well. *See* Gov't Opp'n to Def. Cox's Mot. to Dismiss, ECF No. 728 (Feb. 10, 2022).

On February 10, 2022, Mr. Cox again moved for release from custody, seeking *de novo* review of Magistrate Judge Sarah A.L. Merriam's September 8, 2021 Order of Detention. *See* Mot. for *De Novo* Review of Magistrate's Detention Order, ECF No. 727 (Feb. 10, 2022).

On March 21, 2022, after receiving briefing from the Government on Mr. Cox's motion for release from custody, *see* Gov't Resp. to Def. Cox's Mot. for Release from Custody, ECF No. 749 (Feb. 25, 2022), the Court held a hearing on March 24, 2022, Min. Entry, ECF No. 763 (Mar. 24, 2022).

On April 19, 2022, Mr. Cox's attorney filed, on his behalf, this *pro se* motion for recusal. *See* Mot. to Recuse.

On April 25, 2022, Mr. Cox again filed a motion for his counsel to withdraw and to proceed *pro se*. *See* Def.'s Mot. to Proceed *Pro Se*, ECF No. 769 (Apr. 25, 2022).

I.   DISCUSSION

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party . . . ." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455(b)(1) (requiring judges to disqualify themselves where they have "a personal bias or

prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"). Such a motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (internal citation omitted).

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *Id.* at 1312 (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

Mr. Cox alleges that this Court has demonstrated bias towards him for exercising his constitutional rights as a *pro se* litigant to file pretrial motions, or otherwise retaliated against him for exercising his rights to proceed *pro se*. *See* Mot. to Recuse at 3–5. Mr. Cox also argues bias based on the lack of an opportunity for oral argument, as well as the denial of his *pro se* pretrial motions raising novel constitutional arguments to his charges under 21 U.S.C. § 841(b) and 21 U.S.C. § 846.[1] *Id.* at 3–6. This Court, in his view, further has violated his rights by holding him to the same standards as a licensed practicing attorney. *Id.* at 2, 6.

---

[1] Mr. Cox also alleges that he filed a pretrial motion challenging the constitutionality of 18 U.S.C. § 3661. Mot. to Recuse at 5. To the extent such motion has been filed – the Court is unaware of any such motion – this statute applies to sentencing, rather than pretrial procedure. It is unclear how Mr. Cox could bring any challenge to this statute where, as he rightly points out, he has not been convicted as guilty of the crimes charged in the Third Superseding Indictment.

Mr. Cox also alleges that this Court has "conspired with the government to [ ] have the charged defendant detained in pretrial detention on manufactured falsified conspiracy charges that was [sic] established by [the] prosecution using falsified material allegations before the federal grand jury . . . ." *Id.* at 4. Mr. Cox further contends that his current detention violates his rights under the Equal Protection Clause, where his codefendants have been released to home confinement. *Id.* at 5.

The Court disagrees.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see Gallop v. Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for disqualification."). Instead, if there is an issue with the underlying legal reasoning of a judicial ruling, this may be "proper grounds for appeal, not for recusal." *Liteky*, 510 U.S. at 555. Even "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." [2] *Id.*

The necessary showing of "deep-seated favoritism or antagonism that would make fair judgment impossible," however, has not been made where, as here, the plaintiff simply describes actions that the Court should have taken or did not take, and with which the movant disagreed, including his current order of detention and the Court's prior ruling on Mr. Cox's constitutional

---

[2] As to Mr. Cox's argument that this Court has demonstrated bias by denying him oral argument, "[w]hether to hold an oral argument or a formal evidentiary hearing 'lies within the sound discretion of the district court.'" *See United States v. DeFeo*, 327 F. App'x 257, 258 (2d Cir. 2009) (quoting *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir.1992)). Given the over fifty motions Mr. Cox has filed *pro se*, oral argument on every motion would be impractical.

challenges to the charges against him. *See, e.g.*, Order, ECF No. 399 (Apr. 5, 2021). Notably, Mr. Cox's counsel, Frank O'Reilly, has renewed these arguments in recently filed motions. *See* Mot. for *De Novo* Review of Magistrate's Detention Order, ECF No. 727 (Feb. 10, 2022); Mot. to Dismiss Object of Conspiracy, ECF No. 657 (Nov. 10, 2021). Following resolution of this motion to recuse, the Court will consider these renewed motions in due course, as well as Mr. Cox's most recent pending motion to withdraw counsel and to proceed *pro se*.[3] *See* Mot. to Proceed *Pro Se*, ECF No. 769 (Apr. 25, 2022).

As a result, as alleged, no "reasonable person, knowing and understanding all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned." *Holt v. KMI Cont'l, Inc.*, 821 F. Supp. 846, 847 (D. Conn. 1993). Indeed, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312 (citations omitted).

Accordingly, the motion to recuse will be denied.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of April, 2022.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[3] Notably, the Court previously appointed this counsel upon request by Mr. Cox. *See* Order Granting Mot. to Appoint Counsel, ECF No. 544 (June 30, 2021); Mot. to Appoint Counsel, ECF No. 543 (June 28, 2021).