## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

   v.

WALLACE BEST, et al.

No. 3:20-CR-28 (VAB)

## RULING AND ORDER ON PRETRIAL MOTIONS

Wallace Best,[1] Jeffrey Thomas, Jason Cox, Oscar Garcia-Hernandez, Gustavo Gonzalez-Yanez, David Azarias Morales-Verdugo, Frank Jamont Best, Tomasz Turowski, and Lamont Jeffries (collectively, the "Defendants")[2] have been charged in a multi-count Superseding Indictment with crimes related to the possession and distribution of narcotics. *See* Third Superseding Indictment, ECF No. 387 (Mar. 29, 2021) ("Third Superseding Indictment").

In advance of trial, Wallace Best, Jason Cox, and Tomasz Turowski have filed motions to dismiss the count(s) against them in part or in full.[3] *See* Mot. to Dismiss Indictment, ECF No. 708 (Jan. 27, 2022); Def.'s Mot. to Dismiss, ECF No. 673 (Dec. 3, 2021); Mot. to Dismiss Object of Conspiracy, ECF No. 657 (Nov. 10, 2021); Def.'s Mot. to Dismiss Count 8, ECF No. 633 (Sept. 16, 2021).

---

[1] Throughout this Ruling and Order, Wallace Best at times will be referred to as "Mr. Best." Although another defendant, Frank Best, shares the same last name, he has not filed any pretrial motions addressed by the Court here.

[2] Three other individuals, Jesus Mendez, Oscar Zavala, and Constantino Acosta-Banda, were originally charged but have since pled guilty. *See* Plea Agreement, ECF No. 739 (Feb. 16, 2022) (Jesus Mendez); Plea Agreement, ECF No. 358 (Mar. 4, 2021) (Constantino Acosta-Banda); Plea Agreement, ECF No. 348 (Feb. 23, 2021) (Oscar Zavala).

[3] Mr. Morales-Verdugo also has filed a motion to dismiss. *See* Mot. to Dismiss, ECF No. 635 (Sept. 17, 2021). The Court will reserve ruling on that motion, where an arrest warrant is currently pending for this Defendant. The Court also reserves ruling on various other pending motions filed by Defendants, including motions *in limine*, motions for a bill of particulars, and a motion to strike, until the pretrial conference.

Wallace Best and Tomasz Turowski also have filed various motions for disclosure of evidence. *See* Def.'s Mot. for Disclosure, ECF No. 634 (Sept. 17, 2021); Def.'s Mot. for the Prompt Disclosure of Jencks and Other Information, ECF No. 515 (June 14, 2021); Def.'s Mot. for the Prompt Disclosure of Background Evidence, ECF No. 510 (June 14, 2021); Mot. for Preservation of Notes, ECF No. 476 (May 26, 2021); Prelim. Mot. [to] Inspect[] [ ] Grand Jury Records, ECF No. 307 (Dec. 15, 2020); Def.'s Mot. for Disclosure, ECF No. 226 (Nov. 10, 2020).

In addition, Wallace Best, Jeffrey Thomas, Tomasz Turowski, and Jason Cox have filed motions for severance. *See* Mot. to Sever Count One of the Third Superseding Indictment, ECF No. 564 (July 20, 2021); Def. Turowski's Mot. to Sever, ECF No. 474 (May 24, 2021); Def. Jeffrey Thomas' Mot. to Sever Count One of the Superseding Indictment, ECF No. 268 (Dec. 1, 2020); Def. Wallace Best's Mot. to Sever, ECF No. 267 (Dec. 1, 2020).

For the following reasons, the [633], [657], [673], and [708] motions to dismiss; the [226], [307], [476], [510], [515], and [634] motions for disclosure; and the [267], [268], [474], and [564] motions for severance will be **DENIED**.

## I.      BACKGROUND

This case involves an alleged drug trafficking conspiracy allegedly operated in the North End neighborhood of Bridgeport, Connecticut resulting in the indictment of twelve defendants,[4] including the defendants named below. *See United States v. Best*, No. 20-CR-28 (VAB).

---

[4] As of the date of this Ruling and Order, three defendants have pled guilty. Jesus Mendez, Oscar Zavala, and Constantino Acosta-Banda. *See* Plea Agreement, ECF No. 739 (Feb. 16, 2022) (Jesus Mendez); Plea Agreement, ECF No. 348 (Oscar Zavala); Plea Agreement, ECF No. 358 (Constantino Acosta-Banda).

### A.  Wallace Best

On February 11, 2020, Mr. Best was arrested, following the issuance of an arrest warrant on February 7, 2020. *See* Arrest Warrant, ECF No. 2 (Feb. 7, 2020).

On February 19, 2020, a grand jury returned an Indictment charging Wallace Best with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(i) and (vi). *See* Indictment, ECF No. 13 (Feb. 19, 2020).

On June 18, 2020, Wallace Best appeared for an arraignment before Magistrate Judge Sarah A.L. Merriam. *See* Min. Entry, ECF No. 107 (June 18, 2020). He pled not guilty. *Id*.

On October 5, 2020, a grand jury returned a Superseding Indictment charging Wallace Best with an additional count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Cocaine Base/Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See* Sealed Superseding Indictment, ECF No. 169 (Oct. 5, 2020); *see also* Sealed Second Superseding Indictment, ECF No. 372 (Mar. 15, 2021) ("Second Superseding Indictment") (charging the same); Third Superseding Indictment (charging the same). The Superseding Indictment further provided information under 21 U.S.C. § 851 that Mr. Best is subject to enhanced penalties, as he has been previously convicted of a serious drug felony. Sealed Superseding Indictment, ECF No. 169 (Oct. 5, 2020).

On December 1, 2020, Wallace Best filed a motion for severance of Count One from the Superseding Indictment. *See* Def. Wallace Best's Mot. to Sever, ECF No. 267 (Dec. 1, 2020). The Government opposed this motion. *See* Gov't Omnibus Resp. to Defs.' Pretrial Mots., ECF No. 572 (Aug. 3, 2021) ("Omnibus Opp'n"); *see also* Gov't Suppl. Submission Re: Severance

and Req. for a Status Conference, ECF No. 733 (Feb. 13, 2022) ("Gov't Suppl. Severance Resp.").

On May 11, 2021, Wallace Best again appeared for an arraignment before Magistrate Judge Merriam. *See* Min. Entry, ECF No. 446 (May 11, 2021). He pled not guilty as to all counts. *Id*.

On June 14, 2021, Mr. Best moved for disclosure of *Brady* and Jencks material in advance of trial. *See* Def.'s Mot. for the Prompt Disclosure of Jencks and Other Information, ECF No. 515 (June 14, 2021). He also filed a motion requesting, more generally, "the specific background evidence the government intends to introduce in its case-in-chief as direct evidence of the conspiracies charged in the Third Superseding Indictment." Def.'s Mot. for the Prompt Disclosure of Background Evid., ECF No. 510 (June 14, 2021).[5] The Government opposed these motions.[6] *See* Omnibus Opp'n at 44–45.

On August 3, 2021, Wallace Best ("Defendant") moved to strike Section 851 Information from the Third Superseding Indictment in this case. *See* Def.'s Mot. to Strike, ECF No. 514 (June 14, 2021) ("Mot. to Strike"). The Government opposed the motion. *See* Omnibus Opp'n.

On September 17, 2021, Mr. Best moved for further disclosure of specific documents that he alleges are within the Government's possession or control. Def.'s Mot. for Disclosure, ECF No. 226 (Nov. 10, 2020); *see also* Def.'s Mot. for Disclosure, ECF No. 634 (Sept. 17, 2021). The

---

[5] To the extent that this request for disclosure seeks a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure, rather than additional discovery disclosures, Mr. Best is granted leave to file such a motion up to seven (7) days before the final pretrial conference.

[6] The Government also opposed Mr. Best's motion for grand jury testimony in support of his motion for a *Franks* hearing. *See* Omnibus Opp'n at 44–34. The Court denied this motion as moot in light of an earlier ruling and order on Mr. Best's motion for a *Franks* hearing. *See* Order, ECF No. 713 (Jan. 31, 2022).

Government opposed these motions. *See* Gov't Resp. to Def. Wallace Best's Mot. for Disclosure, ECF No. 639 (Oct. 7, 2021).

On December 3, 2021, Mr. Best moved to dismiss the Superseding Indictment in its entirety. *See* Def.'s Mot. to Dismiss, ECF No. 673 (Dec. 3, 2021). The Government opposed this motion as well. *See* Gov't Opp'n to Def. Best's Mot. to Dismiss, ECF No. 691 (Jan. 7, 2022); *see also* Def.'s Reply to Gov't Opp'n to the Def.'s Mot. to Dismiss, ECF No. 724 (Feb. 8, 2022).

On January 14, 2022, the Court denied motions by Mr. Best for a *Franks* hearing. *See* Order, ECF No. 699 (Jan. 14, 2022).

On April 22, 2022, Mr. Best filed an additional motion for disclosure. *See* Mot. for Disclosure, ECF No. 767 (Apr. 22, 2022).

### B. Jeffrey Thomas

On February 10, 2020, Jeffrey Thomas was arrested on a criminal complaint. *See* Arrest Warrant, ECF No. 2 (Feb. 7, 2020).

On February 19, 2020, a grand jury returned an indictment charging Mr. Thomas and others with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See* Indictment, ECF No. 13 (Feb. 19, 2020).

On March 17, 2020, Mr. Thomas filed an emergency motion for release from custody under 18 U.S.C. § 3142(f)(2)(B). Emergency Mot. for Release from Custody, ECF No. 29 (Mar. 17, 2020). On March 23, 2020, the Court granted Mr. Thomas's motion and released Mr. Thomas as of March 25, 2020 to the custody of Valerie Quarls, under conditions set by the Court. *See* Order, ECF No. 44 (Mar. 23, 2020).

On June 18, 2020, Mr. Thomas appeared before Magistrate Judge William I. Garfinkel

for an arraignment. *See* Min. Entry, ECF No. 106 (June 18, 2020). He pled not guilty. *Id*.

On October 5, 2020, the grand jury returned a Superseding Indictment charging Jeffrey Thomas with an additional count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Cocaine Base/Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See* Superseding Indictment, ECF No. 169 (Oct. 5, 2020); *see also* Second Superseding Indictment (charging the same); Third Superseding Indictment (charging the same).

On December 1, 2020, Jeffrey Thomas filed a motion for severance of Count One from the Second Superseding Indictment. *See* Def. Jeffrey Thomas' Mot. to Sever Count One of the Superseding Indictment, ECF No. 268 (Dec. 1, 2020); Def. Jeffrey Thomas' Mem. in Supp. of Mot. to Sever Count One of the Superseding Indictment, ECF No. 269 (Dec. 1, 2020). The Government opposed this motion. *See* Omnibus Opp'n; *see also* Gov't Suppl. Severance Resp.

On May 10, 2021, Mr. Thomas appeared before Magistrate Judge Sarah A. L. Merriam for a second arraignment on the charges in the Superseding Indictment. Min. Entry, ECF No. 437 (May 10, 2021). He pled not guilty to all counts. *Id*.

On January 14, 2022, the Court denied a request by Mr. Thomas for a *Franks* hearing, as well as a related motion to suppress evidence. *See* Order, ECF No. 698 (Jan. 14, 2022).

### C.  Jason Cox

On February 7, 2020, a criminal complaint and arrest warrant issued against Jason Cox. *See* Compl., ECF No. 1 (Feb. 7, 2020); Arrest Warrant, ECF No. 2 (Feb. 7, 2021). Following an initial appearance, at which the Court appointed Frank L. O'Reilly as counsel, the Court ordered Mr. Cox to be held in pretrial detention. *See* Min. Entry, ECF No. 7 (Feb. 11, 2020).

On February 19, 2020, a grand jury returned an Indictment charging Mr. Cox with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(i) and (vi). *See* Indictment, ECF No. 13 (Feb. 19, 2020); *see also* Second Superseding Indictment (charging the same); Third Superseding Indictment (charging the same). The Indictment further provided information under 21 U.S.C. § 851 that Mr. Cox is subject to enhanced penalties, as he has been convicted previously of a serious drug felony.

On April 28, 2020, Mr. Cox filed a motion for pretrial release. *See* Mot. for Immediate Release, ECF No. 75 (Apr. 28, 2020). This Court, following a motion hearing, *see* Min. Entry, ECF No. 80 (May 1, 2020), denied the motion, finding that Mr. Cox posed a risk of flight and had otherwise failed to demonstrate health reasons for which he should be released in the midst of the COVID-19 pandemic, *see* Order, ECF No. 82 (May 5, 2020).

On May 18, 2020, Mr. Cox filed a motion for reconsideration of the Court's decision regarding his order of detention. *See* Mot. for Recons., ECF No. 84 (May 18, 2020). The Court denied the motion. *See* Order, ECF No. 85 (June 3, 2020).

On June 5, 2020, Mr. Cox filed a *pro se* motion for bond. *See* Mot. for Bond, ECF No. 87 (June 5, 2020). The Court denied this motion for the reasons stated in its earlier orders on Mr. Cox's motions for release. Order, ECF No. 94 (June 12, 2020).

On June 11, 2020, Mr. Cox filed a motion to proceed *pro se* and for Mr. O'Reilly to withdraw from the case. Mot. to Dismiss Att'y of R., ECF No. 95 (June 11, 2020). Following a hearing, the Court granted Mr. Cox's motion to proceed *pro se* and appointed Mr. O'Reilly as standby counsel. *See* Min. Entry, ECF No. 152 (July 30, 2020).

On August 24, 2020, Mr. Cox appeared for an arraignment before Judge Victor A. Bolden. *See* Min. Entry, ECF No. 157 (Aug. 24, 2020). He pled not guilty. *Id.*; *see also* Min. Entry, ECF No. 490 (June 2, 2021) (not guilty plea before Magistrate Judge Sarah A. L. Merriam).

In October and November 2020, Mr. Cox filed three motions for release. *See* Emergency Mot. for Immediate Release, ECF No. 182 (Oct. 19, 2020); Emergency Mot. for Immediate Release from Detention, ECF No. 203 (Nov. 2, 2020); Emergency Mot. for Immediate Release, ECF No. 237 (Nov. 12, 2020). The Court denied these motions, finding that Mr. Cox had again failed to rebut the presumption that he does not pose a danger to the community or risk of flight, or otherwise demonstrate health circumstances sufficient to overcome those identified risks. *See* Order, ECF No. 297 (Dec. 10, 2020).

On January 11, 2021, Mr. Cox filed a fourth motion for release, Emergency Mot. for Immediate Release, ECF No. 320 (Jan. 11, 2021), and then a fifth on May 5, 2021, Mot. for Immediate Release, ECF No. 431 (May 5, 2021). These were denied. Order, ECF No. 436 (May 10, 2021).

On June 30, 2021, the Court rescinded permission for Mr. Cox to proceed *pro se* and granted a motion by Mr. Cox to appoint counsel. Order Granting Mot. to Appoint Counsel, ECF No. 544 (June 30, 2021). Mr. O'Reilly rejoined the case as Mr. Cox's lead attorney. *Id.*

On July 20, 2021, Mr. Cox, through his attorney, filed a motion for severance of Count One of the Third Superseding Indictment. *See* Mot. to Sever Count One of the Third Superseding Indictment, ECF No. 564 (July 20, 2021). The Government opposed this motion. *See* Omnibus Opp'n; *see also* Gov't Suppl. Severance Resp.

On September 7, 2021, Mr. Cox, through his counsel, filed a motion for release from custody. *See* Mot. for Release, ECF No. 621 (Sept. 1, 2021). The Government filed a memorandum in opposition to that motion. *See* Mem. in Opp'n, ECF No. 625 (Sept. 7, 2021).

On September 8, 2021, Magistrate Judge Sarah A. L. Merriam denied Mr. Cox's motion for release. *See* Min. Entry, ECF No. 627 (Sept. 8, 2021).

On November 10, 2021, Mr. Cox, through his counsel, moved to dismiss the object of the conspiracy in this case on the grounds that 21 U.S.C. § 846 is void for vagueness; that the Government improperly manufactured federal jurisdiction in this case; and that 21 U.S.C. § 846 does not describe a crime against the United States. *See* Mot. to Dismiss Object of Conspiracy, ECF No. 657 (Nov. 10, 2021). The Government objected to dismissal. *See* Government Opp'n to Def. Jason Cox's Mot. to Dismiss, ECF No. 671 (Dec. 1, 2021).

On January 5, 2022, Mr. Cox renewed his motion for release from custody. *See* Mot. for Release from Detention, ECF No. 689 (Jan. 5, 2022). The Government again opposed the motion. *See* Government Resp. to Def.'s Mot. to Reconsider Pretrial Release, ECF No. 692 (Jan. 7, 2022).

On January 27, 2022, Mr. Cox, through his attorney, again moved to dismiss the Superseding Indictment. *See* Mot. to Dismiss Indictment, ECF No. 708 (Jan. 27, 2022). The Government opposed this motion. *See* Government Opp'n to Def. Cox's Mot. to Dismiss, ECF No. 728 (Feb. 10, 2022).

Following a hearing with Magistrate Judge Robert A. Spector, *see* Min. Entry, ECF No. 703 (Jan. 25, 2022), Mr. Cox moved for *de novo* review of his order of detention before this Court, *see* Mot. for *De Novo* Review of Magistrate's Detention Order, ECF No. 727 (Feb. 10,

2022). The Government opposed the motion. *See* Government Resp. to Def. Cox's Mot. for Release from Custody, ECF No. 749 (Feb. 25, 2022).

On March 21, 2022, the Court held a hearing on Mr. Cox's motion for release on bond. Min. Entry, ECF No. 763 (Mar. 24, 2022).

On April 19, 2022, Mr. Cox filed a motion for recusal. *See* Mot. to Recuse, ECF No. 766 (Apr. 19, 2022). The Court denied the motion. *See* Order, ECF No. 773 (Apr. 29, 2022).

On April 25, 2022, Mr. Cox again filed a motion for his counsel to withdraw and to proceed *pro se*. *See* Def.'s Mot. to Proceed *Pro Se*, ECF No. 769 (Apr. 25, 2022). That motion remains pending.

On May 6, 2022, the Court denied Mr. Cox's motion for release on bond. *See* Order, ECF No. 774 (May 6, 2022).

### D. Tomasz Turowski

On October 5, 2020, Mr. Turowski was added to this multi-defendant case in a Superseding Indictment returned by a grand jury. *See* Sealed Superseding Indictment, ECF No. 169 (Oct. 5, 2020). The Superseding Indictment charges Mr. Turowski with two counts: (1) Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Cocaine Base/Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 ("Count Two"); and (2) Use of a Telephone to Facilitate a Narcotics Conspiracy under 21 U.S.C. § 843(b) ("Count Eight"). *Id*.; *see also* Second Superseding Indictment (charging the same); Third Superseding Indictment (charging the same).

On October 19, 2020, Mr. Turowski appeared for an arraignment before Magistrate Judge William I. Garfinkel. *See* Min. Entry, ECF No. 189 (Oct. 19, 2020). He pled not guilty as to all counts. *Id*.; *see also* Min. Entry, ECF No. 455 (May 13, 2021) (not guilty plea).

On December 15, 2020, Mr. Turowski moved to inspect grand jury records. *See* Prelim. Mot. [to] Inspect[] [ ] Grand Jury Records, ECF No. 307 (Dec. 15, 2020). The Government opposed this motion. *See* Omnibus Opp'n.

On May 24, 2021, Tomasz Turowski filed a motion to sever Counts Two and Eight of the Third Superseding Indictment from the remaining substantive counts and other named co-defendants. Def. Turowski's Mot. to Sever, ECF No. 474 (May 24, 2021). The Government opposed this motion. *See* Omnibus Opp'n; *see also* Gov't Suppl. Severance Resp.

On May 26, 2021, Mr. Turowski moved for discovery of "law enforcement's rough notes of any conduct, communication, observations, etc. of or pertaining to [Mr. Turowski] between February 2019 and February 2020." *See* Mot. for Preservation of Notes at 1, ECF No. 476 (May 26, 2021). The Government objected to this motion. *See* Omnibus Opp'n.

On September 16, 2021, Mr. Turowski moved this Court to dismiss Count Eight of the Third Superseding Indictment.[7] *See* Def.'s Mot. to Dismiss Count 8, ECF No. 633 (Sept. 16, 2021). The Government opposed this motion. *See* Gov't Resp. to Def. Thomasz [*sic*] Turowski's Mot. to Dismiss, ECF No. 641 (Oct. 8, 2021); *see also* Reply Mem. of Law in Supp. of Def. Turowski's Mot. to Dismiss Count Eight, ECF No. 642 (Oct. 14, 2021).

Jury selection is scheduled to begin in this case on September 6, 2022, with trial to begin immediately thereafter. *See* Scheduling Order, ECF No. 754 (Mar. 11, 2022).

---

[7] Mr. Turowski has requested oral argument on this motion. *See* Def.'s Mot. to Dismiss Count 8, ECF No. 633 (Sept. 6, 2021). The Court, however, declines that invitation at this time. *See United States v. DeFeo*, 327 F. App'x 257, 258 (2d Cir. 2009) ("Whether to hold an oral argument or a formal evidentiary hearing 'lies within the sound discretion of the district court.'" (quoting *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992)).

## II.      STANDARD OF REVIEW

### A.  Motions to Dismiss

Federal Rule of Criminal Procedure 12(b) permits defendants to raise by pretrial motion

"any defense, objection, or request that the court can determine without a trial on the merits."

Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278–79 (2d Cir. 2018). "The

court must decide every pretrial motion before trial unless it finds good cause to defer a ruling."

Fed. R. Crim. P. 12(d). "But when such a defense raises dispositive evidentiary questions, a

district court must defer resolving those questions until trial." *Sampson*, 898 F.3d at 279 (internal

quotation marks omitted).

### B.  Motions for Disclosure

#### 1.  Federal Rule of Criminal Procedure 16

"Rule 16 of the Federal Rules of Criminal Procedure requires the Government to permit a

defendant access to documents and other information within the 'government's possession,

custody, or control' if the item is material to preparing the defense." *United States v. Giffen*, 379

F. Supp. 2d 337, 342 (S.D.N.Y. 2004) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)); *see also United

States v. Rigas*, 258 F. Supp. 2d 299, 306 (S.D.N.Y.2003) ("Rule 16(a)(1)(E)(i) entitles a

defendant to documents or other items that are material to preparing arguments in response to the

prosecution's case-in-chief." (*citing United States v. Armstrong*, 517 U.S. 456, 462 (1996))). "A

document is material if 'it could be used to counter the government's case or to bolster a defense;

information not meeting either of those criteria is not to be deemed material within the meaning

of the Rule merely because the government may be able to use it to rebut a defense position.'"

*Giffen*, 379 F. Supp. 2d at 342 (quoting *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir.

1993) (internal citations omitted)). "Evidence is material if its pretrial disclosure will enable a

defendant to alter significantly the quantum of proof in his favor." *Id.* (citing, *inter alia*, *United States v. Maniktala*, 934 F.2d 25, 29 (2d Cir. 1991)). "Conclusory allegations, however, are insufficient to establish materiality." *Id.* (citing *United States v. McGuinness*, 764 F. Supp. 888, 895 (S.D.N.Y. 1991) (internal citations omitted)).

### 2. *Brady* and *Giglio* Material

The Supreme Court's decisions in *Brady v. Maryland,* 83 S. Ct. 1194 (1963) and its progeny, including *Giglio v. United States,* 92 S. Ct. 763 (1972), require that:

> To the extent that the prosecutor knows of material evidence favorable to the defendant in a criminal prosecution, the government has a due process obligation to disclose that evidence to the defendant. . . . Information coming within the scope of this principle . . . includes not only evidence that is exculpatory, *i.e.,* going to the heart of the defendant's guilt or innocence, but also evidence that is useful for impeachment, *i.e.,* having the potential to alter the jury's assessment of the credibility of a significant prosecution witness.

*United States v. Calhelha*, 456 F. Supp. 2d 350, 367 (D. Conn. 2006) (quoting *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) (internal citations omitted)). Accordingly, "[d]ocuments that the Government has reviewed or has access to must be provided to aid a defendant in preparing his defense." *Giffen*, 379 F. Supp. 2d at 343. The Government need not, however, "produce documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware." *Id.* (citing *Avellino*, 136 F.3d at 255); *see also Calhelha*, 456 F. Supp. 2d at 367 (citing the same).

### 3. Jencks Act/Federal Rule of Criminal Procedure 26.2

Under the Jencks Act, 18 U.S.C. § 3500, the court shall, "[a]fter a witness called by the United States has testified on direct examination, [and] on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If

the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use." *Id.*; *see also* Fed. R. Crim. P. 26.2 (procedure for producing a witness statement); *United States v. Gonzalez*, No. 3:20-MJ-00347 (SALM), 2020 WL 3868788, at *2 (D. Conn. July 9, 2020) (Federal Rule of Criminal Procedure 26.2 effectively incorporates the Jencks Act into the criminal rules). The statute defines a "statement" as "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." *Calhelha*, 456 F. Supp. 2d at 368 (citing 18 U.S.C. § 3500(e)). The statute, however, limits the production of such "until [the Government] witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *see also United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974) ("[T]he government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act."); *Calhelha*, 456 F. Supp. 2d at 368 (noting that "§ 3500(a) limits production to the time period *after* a covered witness testifies").

### C.  Motion for Severance

Under Federal Rule of Criminal Procedure 8(a), offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Joinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical

14

connection." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (internal quotation marks and citations omitted).

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Joinder is proper of multiple defendants "only if the charged acts are part of a series of acts or transactions constituting an offense or offenses." *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988) (internal quotation marks and citation omitted). "[M]ultiple defendants cannot be tried together on two or more 'similar' but unrelated acts or transactions . . . ." *Id.*

Even if defendants are properly joined, however, "the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Federal Rule of Criminal Procedure 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Page*, 657 F.3d at 129 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

The Supreme Court has made clear that the burden for severance is high, and a district court should sever "only if there is serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The "defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998). And under Rule 14, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 538 (citation omitted).

### III.    DISCUSSION

#### A.  Motions to Dismiss

Wallace Best, Jason Cox, and Tomasz Turowski have moved to dismiss the counts against them, either in part or in full. *See* Mot. to Dismiss Indictment, ECF No. 708 (Jan. 27, 2022) ("Cox Second Mot. to Dismiss"); Def.'s Mot. to Dismiss, ECF No. 673 (Dec. 3, 2021) ("Best Mot. to Dismiss"); Mot. to Dismiss Object of Conspiracy, ECF No. 657 (Nov. 10, 2021) ("Cox First Mot. to Dismiss"); Def.'s Mot. to Dismiss Count 8, ECF No. 633 (Sept. 16, 2021); Mem. of Law in Supp. of Def. Turowski's Mot. to Dismiss Count Eight, ECF No. 633-1 (Sept. 16, 2021) ("Turowski Mot. to Dismiss").

The Court will address each of these motions below.

#### 1.  Wallace Best

"The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (internal citation and quotation marks omitted). Even where misconduct occurs, such as the admission of false testimony by government witnesses, dismissal is improper unless there is a "claim that the grand jury that indicted [the defendant] was misled . . . ." *United States v. Broward*, 594 F.2d 345, 351 (2d Cir. 1979).

Mr. Best moves to dismiss the Superseding Indictment in its entirety on the grounds that, in a disclosure of impeachment material, as required under *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Government revealed that Officer Christopher Martin ("Officer Martin") had been arrested on November 15, 2021 and charged with Larceny 2nd and Tampering with Evidence for an alleged theft of money from the scene of a drug arrest in Waterbury, Connecticut, Best Mot. to Dismiss at 1–2. Officer Martin was the case agent for the case, the

affiant in Mr. Best's arrest warrant, and the Government's witness before the grand jury on

March 15, 2021. *Id*. at 1. Mr. Best contends that this *Giglio* material demonstrates, as a matter of

"common sense," that Officer Martin has "been stealing and tampering with evidence for years"

and, therefore, the present case is an "unfounded criminal prosecution." *Id*. at 3–4 (internal

quotation marks omitted).

The Government argues that the Superseding Indictment is not invalid where the charges

against Officer Martin emerge from a "matter unrelated to the investigation of Mr. Best and his

associates." Government Opp'n to Def. Best's Mot. to Dismiss at 1–2, ECF No. 691 (Jan. 7,

2022). The Government also asserts that Mr. Best has not alleged that "TFO Martin

misrepresented [ ] evidence, or that the grand jury was misled or deceived in any way by TFO

Martin's testimony[,]" such that any alleged perjury would have substantially influenced the

grand jury's decision to indict. *Id*. at 2–3.

The Court agrees.

Mr. Best has not substantiated any claim that Officer Martin lied or made false statements

to the grand jury; rather, he has asked this Court to infer falsehood on the basis of a criminal

charge in an unrelated matter. This the Court cannot do. Moreover, even if Officer Martin had

lied or made false statements to the grand jury,[8] the Court cannot find that Mr. Best suffered

prejudice where there is no claim that Officer Martin presented false evidence to mislead the

grand jury in this case. *See Broward*, 594 F.2d at 351 (reversing dismissal of indictment where

defendants "suffered no prejudice by the misconduct that was found to have occurred," and there

was "no claim that the grand jury . . . was misled in any way"). If anything, the *Giglio* material

---

[8] Mr. Best concedes in his motion that the allegedly false information in the affidavit challenged in another motion
to suppress and for a *Franks* hearing, which has been addressed by this Court, *see* Order, ECF No. 699 (Jan. 14,
2022), was not provided in grand jury testimony, *see* Best Mot. to Dismiss at 3.

provided advantages Mr. Best, who now has "substantial material with which to impeach important government witnesses." *Id*.

Accordingly, the Court will deny Mr. Best's [673] motion to dismiss.

### 2.  Jason Cox

Mr. Cox seeks, through his counsel, to dismiss the indictment in its entirety on the basis of allegedly false grand jury testimony, *see* Cox Second Mot. to Dismiss, or, in the alternative, to dismiss the object of the conspiracy, *see* Cox First Mot. to Dismiss.

The Court will address each of these arguments below.

### a.      Indictment

Mr. Cox challenges the Superseding Indictment based upon alleged misconduct by Officer Martin. *See* Cox Second Mot. to Dismiss. In particular, Mr. Cox argues that Officer Martin misled the grand jury with testimony regarding Mr. Cox's alleged trips to Mexico, as well as Mr. Cox's alleged cartel connections, drug facilitation, and plans to transport narcotics. *Id*. at 7–14.

"The law of this Circuit is that dismissal of an indictment is justified to achieve either of two objectives: to eliminate prejudice to a defendant; or, pursuant to our supervisory power, to prevent prosecutorial impairment of the grand jury's independent role." *United States v. Hogan*, 712 F.2d 757, 761 (2d Cir. 1983) (internal citation omitted). Viewing the alleged misconduct cumulatively, as the Court must, *see id*., the Court finds that neither function is implicated here.

As a preliminary matter, and as explained above, Officer Martin's arrest is for an entirely separate matter, and, therefore, any conclusion the Court could draw from that arrest about his conduct in this case would be merely speculative. Moreover, even if Officer Martin lied or made false statements to the grand jury, the Court cannot find it was prejudicial to Mr. Cox, where the

Government presented substantial evidence of probable cause beyond the evidence that Mr. Cox

alleges is false or misleading in his brief. For example, in addition to co-conspirator statements,

such as the statements by Mr. Thomas about Mr. Cox's alleged connections with cartel activity,

*see* Ex. 1 to Second Mot. to Dismiss Indictment at 50:10–54:8, ECF No. 708-1 (Jan. 27, 2022),

the Government presented the grand jury with recordings and transcripts of statements and text

messages regarding Mr. Cox's alleged connections to the cartel, *see, e.g.*, *id*. at 59:20–61:3.[9]

Further, there is no basis to dismiss the Superseding Indictment to deter future

misconduct. Mr. Cox has provided this Court with "no evidence" that a witness "actually

committed perjury during his grand jury appearance." *United States v. Guillette*, 547 F.2d 743,

753 (2d Cir. 1976). Even were this not the case, a misstatement to a grand jury or in an arrest

warrant by a Governmental entity, however serious, "need [not] thwart the public interest in

prosecuting serious crimes . . . ." *See Broward*, 594 F.2d at 351. "[U]nless the government

misconduct is widespread or extraordinarily serious," other sanctions are more appropriate to

address such misconduct, such as a perjury prosecution. *Id*. The Court has no evidence to date

that such widespread or extraordinarily serious circumstances are implicated in this case.

Accordingly, the Court will deny Mr. Cox's [657] motion to dismiss the indictment.

### b.      Object of the Conspiracy

Mr. Cox seeks, through his counsel, to dismiss the object of conspiracy on the grounds

that: (1) 21 U.S.C. §846 is void for vagueness; (2) that the Government improperly manufactured

---

[9] To the extent that Mr. Cox challenges this evidence and testimony in front of the grand jury on the basis that it is inconsistent, he does not face a danger of prejudice; indeed, if anything, the inconsistencies identified by Mr. Cox within this testimony may provide him with an advantage at trial. *See Broward*, 594 F.2d at 351 (concluding that "[i]f anything, the appellees might even have been advantaged by" alleged misstatements to the grand jury, which provide "substantial material with which to impeach important government witnesses").

federal jurisdiction in this case; and (3) that 21 U.S.C. § 846 does not describe a crime against the United States. *See* Cox First Mot. to Dismiss.

### i.  Vagueness

Mr. Cox, through his counsel, reiterates a challenge to his criminal charge based on an argument raised in earlier *pro se* pleadings that 21 U.S.C. § 846 is unconstitutionally vague and, therefore, void. *See, e.g.*, Mot. to Dismiss, ECF No. 141 (July 31, 2020). The Court previously dismissed this challenge on the grounds raised by the Government, *see* Order, ECF No. 345 (Feb. 23, 2021), including that, even if Mr. Cox did not know the nuances of drug conspiracy law, the statute is specific enough to put him and others on notice that coordinating with others for the purchase of narcotics is prohibited under the law, *see* Government Omnibus Opp'n to Def. Jason Cox's Pretrial *Pro Se* Mots. at 14–16, ECF No. 286 (Dec. 8, 2020); *see also United States v. Conlon*, 481 F. Supp. 654, 662 (D.D.C. 1979) (stating that conspiracy is "an offense well known at common law" requiring an agreement, and which is also a "term of art that has a reasonably well-defined and settled meaning known to potential defendants and to the courts"). Mr. Cox has raised no new arguments or presented any new evidence through his counsel that could lead the Court to find otherwise.

Accordingly, the Court will not dismiss the object of the conspiracy on the basis of Mr. Cox's constitutional challenge to 21 U.S.C. § 846.

### ii.  Manufactured Jurisdiction

Mr. Cox also argues that the Government manufactured jurisdiction in this case through one of two theories: (1) "outrageous conduct"; or (2) "unproven element." *See* Cox First Mot. to Dismiss at 9–13. As to the first theory, Mr. Cox argues that the Government engaged in "outrageous government conduct" when it allegedly "created and induced the commission of the

crime" through use of a confidential source. *Id.* Mr. Cox also contends, as to the second theory, that the Government "manufactured jurisdiction" under the standard set forth in *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973), because, allegedly, if not for the inducements of the confidential source, Mr. Cox would not have engaged in the alleged criminal behavior. *Id.*

The Court disagrees.

Under Federal Rule of Criminal Procedure 12(b)(1), a party can file a pretrial motion on any defense "that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Here, however, both of Mr. Cox's arguments rely upon evidentiary issues that remain to be proved at trial, including, *inter alia*, whether it was the confidential source or Mr. Cox's co-conspirators, including Wallace Best and Jeffrey Thomas, who sought to leverage Mr. Cox's alleged cartel connection to acquire narcotics for transport by the confidential source into Connecticut. The motion to dismiss, therefore, is premature, as "the indictment is facially sufficient and the defendant's argument in favor of dismissal requires a determination of factual issues."[10] *United States v. Hoskins*, 73 F. Supp. 3d 154, 160 (D. Conn. 2014) (quoting *United States v. FNU LNU*, No. 06-CR-846 (DAB), 2007 WL 1149261, at *2 (S.D.N.Y. Apr. 12, 2007)).

Accordingly, the Court will not dismiss the object of the conspiracy on the basis that the Government manufactured jurisdiction.

### iii.  Subject Matter Jurisdiction

In addition, Mr. Cox challenges the charge against him under 21 U.S.C. § 846 as an offense "not . . . cognizable under federal law." Cox First Mot. to Dismiss at 14. In his view, "§

---

[10] Notably, the primary case upon which Mr. Cox relies to assert that the Government manufactured jurisdiction, *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973), involved a post-conviction challenge.

846 does not describe an offense at all, let alone an offense against the laws of the United States," and, accordingly, this Court lacks subject matter jurisdiction. *Id*.

The Court disagrees.

Under 18 U.S.C.A. § 3231, the district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *Id*. Here, a grand jury has indicted Mr. Cox on violations of several federal laws, including but not limited to 21 U.S.C. § 846, a federal statute. This case, therefore, "lies squarely within this Court's federal jurisdiction." *See United States v. Toole*, No. 06-CR-6024L, 2008 WL 2323362, at *26 (W.D.N.Y. Jan. 11, 2008) ("The defendants have been charged by an indictment returned by a federal grand jury for violations of 21 U.S.C. § 846, a federal statute. This case, therefore, lies squarely within this Court's federal jurisdiction."), *report and recommendation adopted*, No. 06-CR-6024L, 2008 WL 2354959 (W.D.N.Y. June 3, 2008).

Accordingly, the Court will deny Mr. Cox's [657] motions to dismiss the object of the conspiracy.

### 3. Tomasz Turowski

On September 16, 2021, Tomasz Turowski moved this Court to dismiss Count Eight of the Third Superseding Indictment. *See* Turowski Mot. to Dismiss. Mr. Turowski submits that the underlying statute for the offense, 21 U.S.C. § 843(b), is unconstitutionally vague and overbroad on its face and as applied to him. *Id*. at 1. In addition, Mr. Turowski asserts that he has been the target of selective prosecution "to punish and retaliate for his exercise of free speech." *Id*. at 1.

The Court will address each of these challenges below.

### a. Constitutional Challenges

Mr. Turowski brings a facial and as-applied challenge to Count Eight on the basis that 21

U.S.C. § 843(b) is unconstitutionally vague and overbroad. Turowski Mot. to Dismiss at 5–15.

The statute at issue provides, in relevant part:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. . . . For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

21 U.S.C. § 843(b).

The Court will review each of Mr. Turowski's constitutional challenges to this statute

below.

### i. Vagueness

Mr. Turowski contends that 21 U.S.C. § 843(b) is unconstitutionally vague on its face

and as applied to him. *See* Turowski Mot. to Dismiss at 4–10. In his view, the statute

"impermissibly fails to set forth whether an accused must . . . 'knowingly or intentionally' use a

telephone . . . or facilitate the specific felony." Turowski Mot. to Dismiss at 6. He also contends

that the Government cannot allege that he "facilitated" a drug distribution conspiracy where, in

Mr. Turowski's view, the phone call forming the basis of the conspiracy charge involved Mr.

Turowski disclosing only "his own arrest" and his suspicion that "he was caught because police

were watching or listening." *Id.* at 7.

In response, the Government argues that, in several other Circuits, including the Seventh,

Fifth, Ninth, and Eleventh Circuits, courts have considered similar challenges to 21 U.S.C. §

843(b) and found them unavailing, concluding that 21 U.S.C. § 843(b) "can and should be interpreted to require that the causing or facilitation of the felony itself be knowing or intentional . . . ." Government Resp. to Def. Thomasz [*sic*] Turowski's Mot. to Dismiss at 3, ECF No. 641 (Oct. 8, 2021) ("Turowski Opp'n") (citing, *inter alia*, *United States v. Rodgers*, 775 F.2d 533 (7th Cir. 1985); *United States v. Barnes*, 681 F.2d 717, 724 (11th Cir. 1982), *cert. denied*, 460 U.S. 1046 (1983); *United States v. Phillips*, 664 F.2d 971, 1032 (5th Cir. 1981), *cert. denied*, 457 U.S. 1136 (1982); *United States v. Jones*, 612 F.2d 453, 457 (9th Cir. 1979), *cert. denied*, 445 U.S. 966 (1980)). The Government further asserts that the Supreme Court's decision in *Abuelhawa v. United States*, 556 U.S. 816 (2009), removes any concerns about vagueness in the statute's language about "facilitation", where the Court found the term "facilitate" in 21 U.S.C. § 843(b) to be sufficiently definite to exclude mere purchase of narcotics, *see* Turowski Opp'n at 2.

 The Court agrees.

 The Due Process Clause "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 352 (1983) (internal citations omitted). Ordinary people would surely understand that 21 U.S.C. § 843(b) prohibits the use of cell phones and similar "communication facilit[ies]" to further narcotics trafficking, rather than the use of a telephone or "communication facilities" themselves. *See United States v. Canfield*, 758 F. App'x 51, 56 (2d Cir. 2018) (summary order) ("Ordinary people would surely understand that § 843(b) prohibits the use of a cellular telephone to send or receive text messages to further narcotics trafficking.").

Further, to the extent that Mr. Turowski advances any other arguments that the statute is void for vagueness, this Court finds persuasive the reasoning employed by the Seventh Circuit in *United States v. Rodgers*, 775 F.2d 533 (7th Cir. 1985), even if it is not bound by such precedent. In that case, upon a plain reading of § 843(b), the Seventh Circuit found that "[t]he statute is . . . not so vague as to create a meaningful danger of arbitrary law enforcement, and any problems with the notice it provides (which we think are in any event minimal) are alleviated by the intent requirement." *Id*. at 544. Moreover, "Section 843(b) is no more, and possibly less, vague than other broadly-phrased federal criminal statutes that [have been] upheld over vagueness and overbreadth challenges." *Canfield*, 758 F. App'x at 57 (citing *Rodgers*, 755 F.2d at 544). Such similar statutes include, for example, crimes involving mail fraud. *See Rodgers*, 755 F.2d at 544; *see also, e.g.*, *United States v. Rybicki*, 354 F.3d 124, 144 (2d Cir. 2003) (rejecting vagueness challenge in case where the "indictment charged the defendants with scheming to deprive the insurance companies of their intangible right of the honest services of their employees—the insurance adjusters—by the use of the mails and the wires").

Finally, Mr. Turowski's attempt to bring a challenge to the statute as applied to him, on the basis of information received in discovery, also lacks merit. Under Federal Rule of Criminal Procedure 12(b)(1), a party can file a pretrial motion on any defense "that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Here, however, Mr. Turowski's argument relies upon evidentiary issues that remain to be proved at trial, including, *inter alia*, whether he merely purchased drugs or engaged in acts in furtherance of the conspiracy. The motion to dismiss, therefore, is premature, as "the indictment is facially sufficient and the defendant's argument in favor of dismissal requires a determination of factual issues." *Hoskins*, 73 F. Supp. 3d at 160 (quoting *FNU LNU*, 2007 WL 1149261, at *2).

The Court further notes, in response to Mr. Turowski's concern that the Superseding Indictment fails to adequately explain how Mr. Turowski allegedly facilitated the narcotics conspiracy with which he is charged, that, by mirroring the language of the statute, the indictment sufficiently "inform[s] the defendant of [his] charges . . . ." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1999)); *see also id.* ("[W]e have consistently upheld indictments that 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975), *cert. denied*, 423 U.S. 832 (1975)).

Accordingly, the Court will not dismiss Count Eight on the basis that 21 U.S.C. § 843(b) is void for vagueness.

### ii. Overbreadth

Mr. Turowski also argues that 21 U.S.C. § 843(b) is unconstitutionally overbroad because it allows a criminal prosecution to be based on "pure speech," including speech that is protected by the First Amendment. Turowski Mot. to Dismiss at 10–15. As relevant to his case specifically, Mr. Turowski asserts that information revealed in discovery indicates that Count Eight relies only upon words he uttered, including a warning about police presence or activity, which is protected speech under the First Amendment. *Id*. at 11–12.

In response, the Government argues, relying upon the Second Circuit's decision in *United States v. Rowlee*, 899 F.2d 1275 (2d Cir. 1990), that it "is well established that speech or writing employed in connection with [ ] participation in [a] conspiracy is not entitled to First Amendment protection." Turowski Opp'n at 5. Where, as here, a criminal defendant has been charged with using a telephone in furtherance of a drug trafficking conspiracy, "[h]is conduct [is]

not protected merely because, in part, it may have involved the use of language or speech." *Id*. at 6.

The Court agrees.

"Numerous crimes under the federal criminal code are, or can be, committed by speech alone." *United States v. Rahman*, 189 F.3d 88, 117 (2d Cir. 1999). Indeed, as the Second Circuit has recognized, crimes involving conspiracy "are characteristically committed through speech." *Id*. The fact that a crime is committed through speech, even forms of speech otherwise vigilantly protected under our Constitution, does not "immunize[] [a criminal defendant] from prosecution." *Id*.; *see also Rowlee*, 899 F.2d at 1278 ("It rarely has been suggested that the constitutional freedom for speech . . . extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute." (quoting *New York v. Ferber*, 458 U.S. 747, 761–62 (1982))). The Court therefore cannot invalidate 21 U.S.C. § 843(b), either on its face or as applied to the defendant's speech, as unconstitutional on the grounds proposed by Mr. Turowski.

To the extent that Mr. Turowski challenges the statute as applied where he maintains that he did not engage in activities to further the narcotics conspiracy, and, therefore, his speech was not an integral part of conduct in violation of a criminal statute, this remains an issue of proof for trial. *See Hoskins*, 73 F. Supp. 3d at 160 (a motion to dismiss is premature if "the indictment is facially sufficient and the defendant's argument in favor of dismissal requires a determination of factual issues" (internal citation and quotation marks omitted)).

Accordingly, the Court will not dismiss Count Eight on the basis that 21 U.S.C. § 843(b) is overbroad.

### b.    Selective Prosecution

As a final argument in favor of dismissal, Mr. Turowski argues that he is a victim of selective prosecution. Turowski Mot. to Dismiss at 15–17. He asserts that the basis upon which he currently is being prosecuted is "a desire to punish him for the specific words he [allegedly] uttered on the phone." *Id*. at 15.

The Government contends, in response, that Mr. Turowski's claim of selective prosecution is meritless, where it relies upon a theory that speech in furtherance of a criminal drug trafficking conspiracy is protected under the First Amendment. *See* Turowski Opp'n at 6–7.

The Court agrees.

Mr. Turowski's claim of selective prosecution based upon the exercise of free speech is meritless, where the alleged speech at issue allegedly was uttered in furtherance of a criminal drug conspiracy. *See Rahman*, 189 F.3d at 117 (the fact that a crime is committed through speech, even forms of speech otherwise vigilantly protected under our Constitution, does not "immunize[] [a criminal defendant] from prosecution"). Further, to the extent that Mr. Turowski argues for dismissal of the charges against him on the basis of discovery he has received to date, such arguments "require[] a determination of factual issues" and therefore are more properly addressed at trial. *See Hoskins*, 73 F. Supp. 3d at 160 (internal quotation marks omitted)).

Accordingly, the Court will deny Mr. Turowski's [633] motion to dismiss.

### B.  Motions for Disclosure

#### 1.  Tomasz Turowski

Tomasz Turowski and Wallace Best have moved for the disclosure of various information including, *inter alia*, law enforcement notes and grand jury records. *See* Def.'s Mot. for the Prompt Disclosure of Jencks and Other Information, ECF No. 515 (June 14, 2021) ("ECF

No. 515"); Def.'s Mot. for the Prompt Disclosure of Background Evid., ECF No. 510 (June 14,

2021) ("ECF No. 510"); Mot. for Preservation of Notes, ECF No. 476 (May 26, 2021)

("Turowski Mot. for Preservation"); Prelim. Mot. to Inspect[] [ ] Grand Jury Rs., ECF No. 307

(Dec. 15, 2020) ("Turowski Mot. to Inspect"); Def.'s Mot. for Disclosure, ECF No. 226 (Nov.

10, 2020) ("ECF No. 226"); *see also* Def.'s Mot. for Disclosure, ECF No. 634 (Sept. 17, 2021)

("ECF No. 634") (reiterating requests in ECF No. 226).

The Court will address each of these motions below.

### a.    Motion for Preservation of Notes

Mr. Turowski has moved for discovery of "law enforcement's rough notes of any

conduct, communication, observations, etc. of or pertaining to [Mr. Turowski] between February

2019 and February 2020." Turowski Mot. for Preservation at 1. He argues that such disclosures

are required under *Brady*, *Giglio*, and the Jencks Act, as well as under Federal Rule of Criminal

Procedure 16. *Id*.

The Government objects to this motion, first, on the basis that it already has provided

such disclosures, including: (1) "the complete surveillance log of the Task Force which is replete

with handwritten notes concerning the wiretap;" (2) "rough notes written by law enforcement

officers;" and (3) "voluminous reports concerning the debriefing of informants and prospective

witnesses, surveillance by agents, controlled buys supervised by the Task Force, and myriad

other aspects of the case." *See* Omnibus Opp'n at 45–46.

To the extent the request for disclosure is based on the Jencks Act, the Government

asserts that the request is premature, as there is no obligation under the Act to provide Jencks

material concerning persons who are merely anticipated to be government witnesses before trial.

*Id*. at 47 (citing *Rigas*, 583 F.3d at 125–26). The Government further argues that the discovery

requested by Mr. Turowski does not fall within the disclosure requirements of Federal Rule of Criminal Procedure 16. *Id*. at 47–48. Finally, the Government represents that it "take[s] [its] obligation seriously" under *Brady* and *Giglio*, as evidenced by "continuing and comprehensive disclosures." *Id*. at 48. Even were this not the case, the Government asserts that Mr. Turowski's motion should be denied on the basis that it is purely speculative. *Id*.

The Court agrees.

The Government has represented that it has made the requested pretrial disclosures and will continue to do so, consistent with its obligations under *Brady* and *Giglio*. *See* Omnibus Opp'n at 45–48. "[D]istrict courts in this circuit routinely accept [this] type of representation that the Government has made concerning *Brady* [and *Giglio*] material." *Calhelha*, 456 F. Supp. 2d 350, 369 (quoting *United States v. Savarese*, No. 01-CR-1121 (AGS), 2002 WL 265153, at *2 (S.D.N.Y. Feb. 22, 2002)). The Court therefore cannot find that additional disclosure is required under this authority.

The Court also cannot compel further disclosure under Federal Rule of Criminal Procedure 16, where Mr. Turowski's request for additional discovery amounts to "no more than 'mere speculation' that the Government has not provided everything that it is obligated to disclose, which is insufficient to justify any order of additional disclosure or discovery." *Calhela*, 456 F. Supp. 2d at 369; *see also Giffen*, 379 F. Supp. 2d at 342 (stating that "[c]onclusory allegations . . . are insufficient to establish materiality" of requested information under Federal Rule of Criminal Procedure 16 (internal citation omitted)).

To the extent that the notes that Mr. Turowski requests can be classified as Jencks Act material, which the Court does not decide here, the Court agrees with the Government that Mr. Turowski's motion is premature. *See* 18 U.S.C. § 3500 (limiting the production of Jencks Act

material "until [the Government's] witness has testified on direct examination in the trial of the case"); *see also Percevault*, 490 F.2d at 132 ("[T]he government cannot be compelled to disclose statements of prospective witnesses prior to the time prescribed by the Jencks Act."); *Calhelha*, 456 F. Supp. 2d at 368 (noting that "§ 3500(a) limits production to the time period *after* a covered witness testifies"). The Government has represented that it will turn over Jencks material in due course. The Court cannot require more. *See United States v. Carpenter*, No. 3:13-CR-226 (RNC), 2015 WL 9480449, at *3 (D. Conn. Dec. 29, 2015) ("The Government states that it has turned over some Jencks Act material and will turn over the remainder in due course. The Government cannot be required to do more." (internal citation omitted)); *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 523 (S.D.N.Y. 2007) ("District courts lack the authority to compel early disclosure of Jencks Act material." (citing *In re United States*, 834 F.2d 283, 287 (2d Cir. 1987))).

Accordingly, Mr. Turowski's [476] motion for preservation of notes will be denied.

**b.     Motion to Inspect Grand Jury Minutes**

Mr. Turowski also has moved this Court to inspect grand jury records pertaining to the selection of grand and petit jurors. *See* Turowski Mot. to Inspect. The basis for this motion is that, allegedly, the "circumstances leading to the selection of grand jurors who returned this indictment during the pandemic may have compromised the defendant's right to a grand jury selected from a fair cross-section of the community." *Id*. at 1.

Mr. Turowski, however, has not specified which records he seeks to review beyond those that are otherwise publicly available on the Court's website. *See* U.S. Dist. Ct. for the Dist. of Conn., Jury Plan (2014), https://ctd.uscourts.gov/sites/default/

files/ConnRevisedPlan%20Approved_08-15-14.pdf (detailing how grand jurors are drawn and detailing counties from which grand jurors are drawn). To the extent that Mr. Turowski seeks this publicly available information, his motion to inspect grand jury records will be denied as moot. *See, e.g.*, *United States v. Williams*, No. 11-CR-151A, 2014 WL 9938196, at *4 (W.D.N.Y. June 4, 2014) (denying as moot motion to inspect grand jury minutes "insofar as such documents are available and have been available upon defendant's request to the Clerk's Office"); *United States v. Buczek*, No. 08-CR-54S, 2009 WL 2230808, at *2 (W.D.N.Y. July 24, 2009) (denying as moot motion to inspect grand jury minutes "insofar as such documents are available and have been available upon defendant's request to the Clerk's Office").

To the extent that Mr. Turowski seeks any records beyond those that are publicly available, as the Government points out, *see* Omnibus Opp'n at 41, Mr. Turowski has failed to identify what records he specifically seeks to review, *see* Turowski Mot. to Inspect at 1. Rather, Mr. Turowski has requested "all records and papers pertaining to the selection of grand and petit jurors, from whom members were chosen" in this case. *Id*. Such a broad request, without specific requests for categories of records, this Court cannot grant.[11] *See United States v. Davis*, No. 06-CR-911 (LBS), 2009 WL 637164, at *16 (S.D.N.Y. Mar. 11, 2009) ("[T]here is no absolute right of access to all materials relating to grand jury selection."); *see also United States v. Eldarir*, No. 20-CR-243 (LDH), 2020 WL 6545894, at *4 (E.D.N.Y. Nov. 6, 2020) ("[A] defendant is not entitled to inspect every record that may touch upon the grand jury process.").

---

[11] In contrast, in the case upon which Mr. Turowski models his request, *United States v. Eldarir*, No. 20-CR-243 (LDH), 2020 WL 6545894 (E.D.N.Y. Nov. 6, 2020), the Defendant sought access to twenty-three (23) specific categories of records, *see id*. at *2–*3; *see also* Turowski Mot. to Inspect at 3 (requesting an order "consistent with and similar to" the court's order in *Eldarir*). The Defendant has not provided any such specific requests here upon which the Court could fashion relief tailored to certain categories of records.

Accordingly, Mr. Turowski's [307] motion for inspection of grand jury records will be denied without prejudice to renewal, following his review of publicly available records and his submission of specific record requests.

### 2. Wallace Best

Wallace Best has moved for disclosure of *Brady* and Jencks material in advance of trial. *See* ECF No. 515. He also requests, more generally, "the specific background evidence the [G]overnment intends to introduce in its case-in-chief as direct evidence of the conspiracies charged in the Third Superseding Indictment." ECF No. 510 at 1–2.

Additionally, Mr. Best has moved for the disclosure of specific documents that he alleges are within the Government's possession, including: (1) "[a]ll arrest warrants and police reports pertaining to the arrest of the DEA CI[12] on/about June 12/13/2019 in Suffolk County, New York"; (2) "[a]ny written and recorded statement made by the DEA CI after his June 12/13/2019 arrest"; (3) "[a] copy of the affidavit in support of the Suffolk County, New York wiretap of the DEA CI's phone"; (4) "[a] copy/ line sheet of the phone call between Wallace Best and Jeff Thomas on August 29, 2019 referenced in the discovery provided by the government"; (5) "[c]opies of all law enforcement written notes pertaining to the DEA CI's activities as a cooperating CI in this case, including the written notes pertaining to all debriefings of the CI and meetings with the CI"; and (6) "[t]he court and the docket number of the DEA CI's pending criminal case in New York resulting from his June of 2019 arrest." ECF No. 226 at 1–2; *see also* ECF No. 634 (reiterating requests in ECF No. 226). He requests these documents under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the

---

[12] The term "DEA CI" is not defined in Mr. Best's Motion. *See* ECF No. 226. The Government refers to this confidential informant as "CS" or the "confidential source." Omnibus Opp'n at 51.

United States Constitution, and the Standing Order on Discovery. *See* ECF No. 226 at 1; ECF No. 634 at 1.

The Government argues for the dismissal of the first, third, and sixth requests, as they submit that such information already has been provided, to the extent that it is within the Government's possession, and, moreover, that, even were that not the case, the Government has no obligation to produce discovery from a separate investigation by Suffolk County in New York. *See* Omnibus Opp'n at 51–53; *see also* Government Resp. to Def. Wallace Best's Mot. for Disclosure, ECF No. 639 (Oct. 7, 2021) (reiterating responses to original motion for disclosure of Suffolk County discovery). As to the remaining requests, the Government argues that it has fulfilled its disclosure obligations where, as with Mr. Turowski's motion for preservation of notes, any statements of which it is aware, which were made by the confidential source and are not already provided, will be provided to the extent required as Jencks material. *See* Omnibus Opp'n at 44–45, 51–52.

The Court agrees.

As to the requests related to the Suffolk County prosecution, the Government's disclosure obligations do not include a duty to disclose "documents from agencies that did not participate in the investigation of the defendant or documents of which it is unaware." *Giffen*, 379 F. Supp. 2d at 343 (internal citation omitted). Certainly, the Government is "not allowed to avoid disclosure of evidence by the simple expedient of leaving relevant evidence to repose in the hands of another agency while utilizing his access to it in preparing his case for trial." *Id*. at 342 (internal citation omitted). Its constitutional obligations, however, only require disclosure of documents from another agency "that it has actually reviewed" or that are in "the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered

part of the prosecution team." *United States v. Finnerty*, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006) (internal citations omitted). Here, the Government has represented that it has "provided the information that Suffolk County authorities provided to [them], including their wiretap applications, orders, and affidavits, interceptions made by them, and search warrants they obtained and executed." Omnibus Opp'n at 52.

Further, the Government has represented that the investigation and prosecution of the confidential informant in New York "ha[s] no involvement []in the case here," *id.*; that the "Suffolk County authorities are not part of the prosecution team in this case," *id.*; and that "the Suffolk County investigation is "entirely separate," *see* Government Resp. to Def. Wallace Best's Mot. for Disclosure at 2, ECF No. 639 (Oct. 7, 2021). As to the remaining requests,[13] Mr. Best's request for additional discovery amounts to "no more than 'mere speculation' that the Government has not provided everything that it is obligated to disclose, which is insufficient to justify any order of additional disclosure or discovery." *Calhelha*, 456 F. Supp. 2d at 369; *see also Giffen*, 379 F. Supp. 2d at 342 (stating that "[c]onclusory allegations . . . are insufficient to establish materiality" of requested information under Federal Rule of Criminal Procedure 16 (internal citation omitted)). The Government therefore is not required to make additional disclosures under Rule 16.

Further, the Government has represented that "any statements . . . that have not been provided already," *i.e.* in compliance with the Government's obligations under *Giglio* and *Brady*, "will be provided to the extent required as Jencks material." Omnibus Opp'n at 45–52. For the

---

[13] The Government represents that it does not know what the fourth request, *i.e.* of a "copy/ line sheet of the phone call between Wallace Best and Jeff Thomas on August 29, 2019 referenced in the discovery provided by the government," pertains to. The Government has no obligation to "produce documents . . . of which it is unaware." *Giffen*, 379 F. Supp. 2d at 343.

reasons stated previously, the Court cannot compel early disclosure of this evidence. Further, the Government, in good faith, has represented that it intends to produce Jencks Act material before trial. *See* Joint Mot. for Pretrial Schedule, ECF No. 596 (Aug. 13, 2021) (requesting production of Jencks material and exhibits deadline before trial).[14] The Court cannot compel the Government to do more.

Accordingly, Mr. Best's [226], [510], [515], and [634] motions for disclosure will be denied.

### C. Motions to Sever

Wallace Best, Jeffrey Thomas, Tomasz Turowski, and Jason Cox have moved to sever several counts of the Superseding Indictment. *See* Mot. to Sever Count One of the Third Superseding Indictment, ECF No. 564 (July 20, 2021) ("Cox Severance Mot."); Def. Turowski's Mot. to Sever, ECF No. 474 (May 24, 2021); Mem. of Law in Supp. of Def. Turowski's Mot. to Sever Counts Two and Eight, ECF No. 474-1 (May 24, 2021) ("Turowski Severance Mot."); Def. Jeffrey Thomas' Mot. to Sever Count One of the Superseding Indictment, ECF No. 268 (Dec. 1, 2020); Def. Jeffrey Thomas' Mem. in Supp. of Mot. to Sever Count One of the Superseding Indictment, ECF No. 269 (Dec. 1, 2020) ("Thomas Severance Mot."); Def. Wallace Best's Mot. to Sever, ECF No. 267 (Dec. 1, 2020) ("Best Severance Mot."). Additionally, Mr. Turowski has moved to sever his case from the remaining defendants. *See* Turowski Severance Mot.

The Court will address each of these motions below.

#### 1. Wallace Best

Wallace Best argues for severance of Count One of the Superseding Indictment on the basis that a joint trial with Frank Best as a non-testifying co-defendant would be prejudicial. *See*

---

[14] The deadline for production of Jencks material in this case is August 24, 2022. *See* Order, ECF No. 754 (Mar. 11, 2022).

Best Severance Mot. at 1–2. He further argues that such joinder would violate his right of cross-examination secured by the Confrontation Clause of the Sixth Amendment, *see Bruton v. United States*, 391 U.S. 123 (1968), where Frank Best told law enforcement that he had been supplied heroin on two occasions by Wallace Best, according to a DEA report produced in discovery, *see* Best Severance Mot. at 1.

In response, the Government contends, relying on *United States v. Jass*, 569 F. 3d 47 (2d Cir. 2009), that severance is unwarranted "when the out-of-court statements of one defendant are properly sanitized so as not to incriminate another defendant and are accompanied by a limiting instruction," Omnibus Opp'n at 20–21. The Government represents that it plans to so present Frank Best's statement, "such as by replacing any specific reference to Wallace Best with neutral and non-descript identifiers." *Id*. at 21. As a result, the Government contends, the presentation of Frank Best's statement will comport with *Bruton* and not otherwise violate the Confrontation Clause of the Sixth Amendment. *Id*. at 20–21.

The Court agrees.

While a *Bruton* violation cannot be cured through a limiting instruction, *see Bruton*, 391 U.S. at 137, a Confrontation Clause issue may be avoided by "redacting the codefendant's statement so that it is no longer connected to the nondeclarant defendant," *United States v. Kirsh*, 54 F.3d 1062, 1068 (2d Cir. 1995) (internal citations omitted). "Redactions and substitutions can avoid *Bruton* error if the altered statement uses words 'that might actually have been said by a person admitting his own culpability in the charged conspiracy while shielding the specific identity of his confederate.'" *United States v. Taylor*, 745 F.3d 15, 28–29 (2d Cir. 2014) (citing *Jass*, 569 F.3d at 62). For example, courts have allowed defendants' names to be replaced with such terms as "another person," *Jass*, 569 F.3d at 59; or, "he," *United States v. Kyles*, 40 F.3d

519, 526 (2d Cir. 1994), "this guy," "another guy," and "similar language," *United States v. Williams*, 936 F.2d 698, 699, 701 (2d Cir. 1991). So long as the Government's proposed alterations do not manifest "obvious signs of alteration, or otherwise signal to the jury that they originally contained actual names," redaction or substitution is appropriate. *United States v. Ashburn*, 76 F. Supp. 3d 401, 423 (E.D.N.Y. 2014) (citing *Jass,* 569 F.3d at 62).

Here, the Government has proposed to use "neutral and non-descript" identifiers in place of Wallace Best's name in the statement at issue; however, the Government has not proposed a redacted version of the statement for the Court's review. *See* Omnibus Opp'n at 21. As a result, before any proposed admission, the Court will inspect any proposed redacted statement, and, if the statement cannot be adequately redacted in order to ensure that it does not unfairly prejudice Mr. Best, then the Court will exclude or partially exclude it. *See United States v. Muhammad*, No. 3:09-CR-265 (JBA), 2010 WL 2232438, at *11 (D. Conn. May 26, 2010) (finding that a Confrontation Clause issue may be resolved by redaction, or "failing that, the Court could inspect any such hearsay statement before it is proffered and exclude any *Bruton*-violating statement, or the entire statement" (citation omitted)); *see also United States v. Ohle*, 678 F. Supp. 2d 215, 227  n.10 (S.D.N.Y. 2010) (denying motion to sever where the Government did not supply a proposed redacted agreement but "stated that it would redact the proffer agreement in order to ensure that it would not prejudice [the defendant]," while reserving the ability to inspect and exclude the statement prior to admission).

Accordingly, Mr. Best's [267] motion for severance will be denied.

### 2.  Jeffrey Thomas and Jason Cox

Mr. Thomas and Mr. Cox have moved to sever Count One of the Superseding Indictment from Counts Two through Eight.[15] *See* Thomas Severance Mot.; Cox. Severance Mot. Both argue that these charges represent two distinct conspiracies, which are not sufficiently related to join under Rule 8(b) or otherwise warrant a joint trial, and that, even were this not the case, severance is warranted under Rule 14 to avoid prejudice resulting from joinder of the conspiracy counts. *See* Thomas Severance Mot. at 4–9; Cox. Severance Mot. at 8–12.

In response, the Government contends that joinder under Rule 8 is proper where "the two conspiracies overlap not only temporally and with the same central co-conspirators" but also further the same goal: "to permit Jeffrey Thomas and Wallace Best to acquire and distribute quantities of narcotics, namely heroin, fentanyl[,] and crack-cocaine, in Connecticut through their redistribution chain." Omnibus Opp'n at 21–22. Specifically, the Government argues that the "Third Superseding Indictment charge[s] two conspiracies with overlapping acts, . . . participants, dates, and a common scheme or plan[,]" where it charges Wallace Best and Jeffrey Thomas with conspiring to transport kilograms of heroin and fentanyl into Connecticut from February 2019 through February 2020 ("Count One") and heroin and crack-cocaine from February 2019 through February 2020 ("Count Two"). *Id*. at 25. Such a large-scale conspiracy to import and distribute drugs, the Government argues, is "exactly the kind of case . . . for which a joint trial . . . [is] proper under Rule 14." *Id*. at 27 (internal citation omitted).

The Court agrees.

---

[15] Mr. Thomas has requested oral argument on this motion. *See* Def. Jeffrey Thomas' Mot. to Sever Count One of the Superseding Indictment at 1, ECF No. 268 (Dec. 1, 2020). For reasons stated previously, however, and, in its discretion, the Court declines to hold oral argument at this time. *See supra* note 7 (citing *DeFeo*, 327 F. App'x at 258 ("Whether to hold an oral argument or a formal evidentiary hearing 'lies within the sound discretion of the district court.'" (internal citation omitted))).

Joinder of two or more counts with multiple defendants is proper if the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); *United States v. Nekritin*, No. 10-CR-491 (KAM), 2011 WL 1674799, at *2 (E.D.N.Y. May 3, 2011) (stating that, where an indictment joins both offenses and defendants, as argued here by the defendants, "courts should apply Rule 8(b) to determine whether joinder is proper" (citing *Turoff*, 853 F.2d at 1043)). The Second Circuit has interpreted the "same series of acts or transactions" language of Rule 8(b) to mean that "joinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990)). Courts also "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." *Id*. (citing *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007)).

Here, there is "substantial identity of facts or participants" between Counts One and Two, *Cervone*, 907 F.2d at 341 (quoting *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)), where both the first and second counts charge Wallace Best and Jeffrey Thomas with conspiracy to distribute heroin and other narcotics between February 2019 and February 2020, *see* Third Superseding Indictment ¶¶ 1–4. Moreover, there is sufficient "factual overlap" among the charges, including among defendants, the substances at issue, and the time period charged, that "joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the

joiner." *Rittweger*, 524 F.3d at 177 (citing *Shellef*, 507 F.3d at 98); *see also Turoff*, 853 F.2d at 1044 ("applying a commonsense rule to these facts" to determine whether "a reasonable person would easily recognize the common factual elements that permit joinder").

Further, there is no basis to grant a severance under Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Cim. P. 14. There is a strong preference, however, for joint trials in the federal system. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *see also United States v. Jackson*, 180 F.3d 55, 75 (2d Cir. 1999) ("[T]here is a clear preference that defendants who are indicted together be tried jointly . . . ."). Accordingly, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, the efficiency resulting from a joint trial easily outweighs any slight prejudice, if any, to these codefendants. *See United States v. Rajaratnam*, 753 F. Supp. 2d 299, 305 (S.D.N.Y. 2010) ("[T]he coexistence of Rule 8 and Rule 14 assumes an 'inevitable tolerance of some slight prejudice to codefendants, which is deemed outweighed by the judicial economies resulting from the avoidance of duplicative trials.'" (quoting *United States v. Cardascia*, 951 F.2d 474, 482–83 (2d Cir. 1991))). There is substantial overlapping evidence in the two cases, including wiretap information that is applicable to both Count One and Count Two. *See* Gov't Suppl. Severance Resp. at 5–6. Severance thus would produce two lengthy and duplicative trials, resulting in unnecessary inefficiency as well as potential fairness concerns resulting from inconsistent

verdicts. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987) ("Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit.").

Moreover, it appears unlikely that severance would eliminate or otherwise resolve the prejudice about which Mr. Cox and Mr. Thomas express concern, where "the conspiracy charged in Count One [allegedly] was formed for the purpose of furthering the objective of Count Two." Omnibus Opp'n at 26–27. Certainly, evidence of each conspiracy would be inadmissible in a separate trial on the other as character or propensity evidence under Rule 404(a). Evidence of each conspiracy, however, could be admissible in a trial as to Wallace Best and Jeffrey Thomas (who are charged in both Counts One and Two) as evidence of knowledge, plan, or intent under Rule 404(b) in a trial on either count. *See also Rittweger*, 259 F. Supp. 2d at 284 (denying motion to sever where evidence of one conspiracy could be introduced as evidence of knowledge or intent in trial on second conspiracy charged against the same defendant in the indictment (citing *Attanasio,* 870 F.2d at 815)). In such circumstances, a limiting instruction would be appropriate to cure any prejudicial spillover; so too is a limiting instruction appropriate to cure any prejudicial spillover from a joint trial on both counts.[16] *See Rajaratnam*, 753 F. Supp. 2d at 305 ("[T]he use of limiting instructions has frequently been found to be an effective device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial." (internal citation omitted)).

Accordingly, the Court will deny the [268] and [564] motions to sever by Mr. Cox and Mr. Thomas.

---

[16] This remains the case, even for the individual counts against co-conspirators (i.e. in Counts Three through Eight); "[e]vidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial." *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)

### 3.  Tomasz Turowski

Mr. Turowski has moved to sever Counts Two and Eight of the Third Superseding Indictment from the other co-defendants, on the grounds that the offenses with which his co-defendants are charged are impermissibly joined with the allegations against him, or, in the alternative, extremely prejudicial so as to warrant severance of the defendants and counts. *See* Turowski Severance Mot. at 4–13. He bases this argument upon information provided to him in discovery, which, in his view, "suggests that the allegations against [him] are separate and distinct from the conduct of the other defendants, and distinct from the alleged conspiracy as a whole." *Id*. at 9. Specifically, Mr. Turowski views the evidence as showing merely that "Mr. Turowski is someone with a substance abuse problem who only purchased narcotics for his own use." *Id*. at 1. On this basis, he argues severance is required to eliminate prejudice that would result from a joint trial. *Id*. at 1–13.

The Government argues, in response, that Mr. Turowski's motion to sever is improper where it relies on no more than a challenge to the "sufficiency of the evidence regarding the extent of [Mr. Turowski's] involvement in the conspiracy." Omnibus Opp'n at 28. Such issues, the Government contends, should be determined by a jury. *Id*. The Government also contests Mr. Turowski's characterization of the discovery provided to date and, further, argues that any prejudice that Mr. Turowski would face as a result of a joint trial would not outweigh considerations of judicial efficiency that bear upon a court's decision on a motion to sever. *Id*. at 28–30.

The Court agrees.

 "[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352

F.3d 48, 55 (2d Cir. 2003) (quoting *United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983)). Even "joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *Id*. (quoting *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993)). "There are, of course," however, "cases in which the sheer volume and magnitude of the evidence against one defendant so dwarfs the proof presented against his co-defendant that a severance is required to prevent unacceptable spillover prejudice." *Id*. This is not such a case.

This Court has not dismissed the conspiracy count against Mr. Turowski, *see supra* Section III.A.3, and, accordingly, joinder of his claims to that of his alleged co-conspirators is appropriate, *see United States v. Uccio*, 917 F.2d 80, 87 (2d Cir.1990), *superseded by rule on other grounds as recognized in United States v. Werber*, 51 F.3d 342 (2d Cir. 1995) ("It is an 'established rule' that a 'non-frivolous conspiracy charge is sufficient to support joinder of defendants under Fed. R. Crim. P. 8(b).'" (quoting *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988))). The Indictment was properly filed and charged Mr. Turowski in this conspiracy.[17]

Severance under Rule 14 also is unnecessary to afford a fair trial, and, indeed, it is unclear how severance would achieve the exclusion of evidence from which Mr. Turowski seeks to distance himself. Because Mr. Turowski remains charged with an alleged conspiracy, much of the evidence about the alleged conspiracy and his co-conspirators' alleged crimes also would be admissible at a separate trial of Mr. Turowski on Counts Two and Eight. Thus, even if the Court granted Mr. Turowski a separate trial, it is not clear that such an additional proceeding would

---

[17] The Court further notes that it is permissible to joint Count Eight to Count Two, as "joinder of a conspiracy count and the substantive counts arising out of the conspiracy is proper" where "the charge of conspiracy provides a common link and demonstrates the existence of a common plan." *United States v. Bernstein*, 533 F.2d 775, 789 (2d Cir. 1976) (internal citations omitted).

insulate him from the prejudice he claims he would suffer. Meanwhile, the Court's remedy to such prejudice in both settings would be the same: to offer a limiting instruction. *See United States v. Lasanta*, 978 F.2d 1300, 1307 (2nd Cir. 1992) ("[T]he district court countered any possible spillover with specific instructions to the jury" with instruction "that the jury should consider the evidence separately against each defendant . . . ."); *United States v. Casamento*, 887 F.2d 1141, 1153 (2d Cir. 1989) (no unfair prejudice where the "district judge instructed the jury to consider the evidence against each defendant separately from the evidence presented against the other defendants" (citing *United States v. Carson*, 702 F.2d 351, 367 (2d Cir. 1983))).

As a result, the Court cannot conclude that a joint trial would result in such substantial prejudice that it would outweigh the efficiency and fairness reasons to try Mr. Turowski with his co-defendants. *See United States v. Bellomo,* 954 F.Supp. 630, 649 (S.D.N.Y.1997) (a defendant seeking severance under Rule 14 bears an "'extremely difficult burden' of proving . . . that the prejudice would be so great as to deprive him of his right to a fair trial." (internal citations omitted)).

Accordingly, the Court will not grant Mr. Turowski's [474] motion to sever.

## IV.    CONCLUSION

For the foregoing reasons, the [633], [657], [673], and [708] motions to dismiss; the [226], [307], [476], [510], [515], and [634] motions for disclosure; and the [267], [268], [474], and [564] motions for severance are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of May, 2022.

  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge